KEESECKER v G. M. McKELVEY CO.

Ohio Appeals, 7th Dist, Mahoning Co.

No. 2563. Decided Feb. 14, 1940.

C. W. Osborne, Youngstown, and E. L. Williams, Youngstown, for appellant.
Manchester, Ford, Bennett & Powers, Youngstown, for appellee.

(ROSS, PJ. (1st Dist.), and SHERICK and MONTGOMERY, JJ. (5th Dist.), sitting by designation.)

## OPINION

By ROSS, PJ.

This is an appeal on questions of law from a judgment of the Court of Common Pleas of Mahoning County, Ohio.

The final journal entry in this case in the trial court is one of the most peculiar specimens we have had occasion to examine. As it has a direct bearing upon the conception of the case by the trial judge, we quote it in full:

"This day came on for hearing the motion for new trial filed by plaintiff, and the court after due consideration overrules the same; as to the question raised by counsel for plaintiff as to claimed error in the charge on pages 12 and 13, the Court follows 'Jones on Evidence,' 3rd Edition, paragraph 134, at page 177 and citations in footnote, and 62 Oh St 139, at page 145, and Hanna Ohio Trial Evidence, Paragraph 15, at pages 13 and 14.

"And the Court further, after further consideration, finds upon the record and upon the undisputed facts in the record that the defendant's employee was not a trespasser upon the premises; and finds further that, applying the principle of Hampden Lodge v Gas Company, there is no evidence requiring the submission of that issue to the jury, and that defendant is entitled under the evidence to a directed verdict and final judgment.

"It is therefore considered that judgment be and is hereby rendered for de-fendant upon the verdict of the jury and upon the record, and that defendant recover its costs taxed at $_____ against plaintiff.

"To all of which plaintiff excepts."

We pass this, however, without further comment.

This case was once before the Court of Appeals of Mahoning Co. (23 Abs 353) That court at that time was called upon to consider a judgment in favor of the plaintiff in the amount of $13,000.00. The Court of Appeals reversed the judgment, for the reason that the issue of negligence was presented to the jury and the Court found as a matter of law that the employee of the defendant could not be held to reasonably anticipate that a child 5½ years of age would go to a door and stumble down a flight of steps. The case was remanded to the Court of Common Pleas for trial on the issues of whether or not the defendant through its employee was a trespasser and, if so, whether or not the injuries to the plaintiff were the direct and proximate result of such trespass.

The petition was amended to conform to the mandate of the court and trial was had upon these issues.

In view of the acquiescence of counsel in the conclusions of the Court of Appeals of Mahoning County, we are not here required to consider whether or not the issue of negligence should have been submitted to the jury as would have been necessary had not such issue been abandoned by counsel for plaintiff. **New York Life Ins. Co. v Hosbrook, 130 Oh St 101.**

Our conclusion in the case as it is now presented may not therefore be taken to any extent as an acquiescence in the conclusions previously expressed upon the case as it was first presented to the Court of Appeals.

Coming then, to consider the present review, isolated from its previous history, we find that the plaintiff, a child (at the time of the filing of the original petition) some 5½ years of age, lived with its parents at 356 Crandall Avenue, Youngstown, Ohio; that as a

part of the construction of the house in which plaintiff lived, a large sun porch had been placed across the portion of the house facing Crandall Avenue; that the entrance to this porch was gained by means of a flight of five steps, rising from a private driveway, upon the property of the plaintiff's parents, which extended along the west side of the house.

Sometime previous to the 29th of May, 1933, the plaintiff had experienced an operation for brain tumor. Previous to the operation, the child had been mentally and physically helpless. After the operation, her condition very materially improved, so that she was able to walk and run and showed evidence of some mental ability. She was permitted the free use of the sun porch, in which she was apparently secure, in that she did not have either the physical or mental capacity to open the only door, leading to the steps.

The defendant operates a department store in the City of Youngstown. On the day noted, one of its delivery wagons stopped opposite the house of plaintiff, and two of its employees alighted from the truck, each with a package from the defendant's store. Each package was addressed to the residence of a next door neighbor of plaintiff's parents. Owing to some indefiniteness in the address upon one of the packages, the employees of defendant were in doubt as to which of the two adjacent houses contained the addressee of the package. Each employee took a package, one employee going to the proper address, the house next to that of plaintiff's parents; the other employee carrying a package proceeded up the driveway of the residence in which plaintiff lived, walked up the steps leading to the sun room door, opened the door, without knocking or calling or making any attempt to attract the attention of the occupants of the house, walked some eighteen feet across the sun room floor to a door leading into other rooms in the house and knocked thereon. There is no evidence that the employee closed the door, at the top of the steps to the sun room. While the employee was proceeding across the sun room to the door leading into other rooms in the house, the plaintiff went to the open door and tumbled down the steps into the driveway. She incurred injuries to the face and head, shortly thereafter went into convulsions and relapsed into a mental and physical state even worse than she experienced before her operation.

The defenses interposed to the amended petition, which alleged in substance the facts hereinbefore related were, first, a general denial, and, second, the allegation of a general custom, "whereby property owners in the city of Youngstown, and particularly in the vicinity where plaintiff lived, permited persons to come upon their property by the walks and driveways provided therefor, for the purpose of contacting persons within the house, by the usual means, and making general inquiries," known to the agent of defendant. It was further alleged in the second defense that the employee "advanced to the door bell of said house, where he gave an alarm for the purpose of contacting the occupants of same; that by reason thereof, said agent was upon said premises as of right".

It may be proper to note here that no custom is alleged whereby anyone is justified in opening doors to rooms of the house.

The evidence developed that a door bell push button was located on one side of the door leading from the sun room into the other rooms of the house. There is no evidence that the employee of defendant saw this push button before opening the door of the sun room and proceeding through the same.

The sun room was equipped with furniture, rugs, lamps, etc., usually appropriate to such rooms. These were visible to anyone approaching the outside door thereof.

We agree with the obvious premise of the judgment of the trial court that there is no dispute as to the evidence relating to the question of trespass. However, we reach a diametrically opposite conclusion and consider that such

court should have instructed the jury as a matter of law that the ▮▮▮▮ employee of the defendant, when he opened the door of the sun room and proceeded across such room was a trespasser.

There is no dispute in the facts affecting this issue. What may or may not be the rights of one coming upon the premises of an owner in possession, whether he is under misapprehension or not is not here involved. It to us seems manifest that one may not open the outside door of a house and enter a room of the house, even if such person may have in his possession a package which is to be delivered to the owner of the premises. In the instant case, even if the package was intended for the parents of plaintiff, the employee had no justifiable excuse to open the closed door and enter a room of the house. If the law should be otherwise, where would such employee be required to stop, if at all. May one from whom I have ordered merchandise to be delivered to my residence open successive doors, pass through the rooms of my home until he finds me at my fireside, or in my bed room? We deem further consideration of this point unnecessary.

That a trespasser is responsible for all the consequences which ▮▮▮▮ are caused by his trespass is also a principle which is, we think, conceded.

It is claimed that this involves a question of fact, and in this we agree. If the jury's verdict was predicated upon a conclusion that the injuries to plaintiff were not proximately caused by the trespass of the defendant's ▮▮▮▮ employee, then we consider their verdict manifestly against the weight of the evidence.

The action of the child was immediate and in direct response to the invitation suggested by the open door. Such invitation, in our opinion, would be present whether the five year old child were normal or otherwise.

If authorities to sustain the conclusions reached at this point, are necessary, they may be found with little dif-

ficulty. We content ourselves with noting representative authorities. Restatement Law of Torts,

"A trespasser is a person who enters or remains upon land in the possession of another without a privilege to do so created by the possessor's consent or otherwise." Restatement of the Law of Torts, Sec. 329, page 891.

"One who intentionally and without a consensual or other privilege
(a)  enters land in possession of another or any part thereof or causes a thing of third person so to do, or
(b)  remains thereon, or
(c)  permits to remain thereon a thing which the actor or his predecessor in legal interest brought thereon in the manner stated in sections 160 and 161, is liable as a trespasser to the other irrespective of whether harm is thereby caused to any of his legally protected interests." Restatement of Law of Torts, section 158, page 359.

See also: **Railroad Co. v Harvey, 77 Oh St 235.**

One further element of the case requires comment. The plaintiff in this case was not the possessory owner of the premises upon which the trespass was committed. She was a member of the family of the person in possession of the premises.

It is true that the common law conception of the original action of trespass required the presence of certain factors in order to justify the exercise of jurisdiction by the English Courts of Common Law under this writ. The plaintiff must have been in possession of the property, real or personal upon which the trespass was committed. The act of trespass must have been wilful, not merely an act of misfeasance or nonfeasance. The injury must have been directly caused by the trespass and not have been merely consequential in character. These requirements in the development of the action of trespass on the case under the provisions of the statute of Westminster II were modified, so that actions based on mere

negligence were commonly recognized.

The law has wisely adapted itself to the changing requirements of society, so that today we find that the members of a man's family share with him the right of protection  from the results of trespass upon the property of the head of the household.

Again, we support our conclusions with a quotation from a representative authority, which in the absence of contrary decision in this state, we may consider represents the law.

"A trespasser on land is subject to liability for bodily harm caused to the possessor thereof or to members of his household by any act done, activity carried on or condition created by the trespasser while upon the land irrespective of whether the trespasser's conduct is such as would subject him to liability were he not a trespasser." Restatement of the Law of Torts, sec. 380, page 1016.

Viewing the record and judgment in this case, as we have herein stated, it is our conclusion that such judgment shall be reversed and the cause remanded to the Court of Common Pleas of Mahoning County for such further proceedings as may be in accordance with law.

Judgment reversed and cause remanded.

SHERICK & MONTGOMERY, JJ., concur.