[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANTS' MOTION TO STRIKE CT Page 899
This Motion to Strike presents an issue on which there appears to be no settled law in Connecticut. The complaint of the plaintiffs, Jeffrey and Steven Smith, alleges that the defendants, Vincent and Concettina Lenoci, who were neighbors, hired some woodcutters to cut down some trees on the Lenoci's property. One of the trees fell onto the plaintiff's property, injuring Jeffrey Smith, a minor who lived with his father and who was watching the tree cutting activity from the confines of the Smith property. In addition to two counts alleging negligence, the plaintiffs have pleaded a trespass count, essentially alleging that the defendants caused a trespass to occur on the plaintiffs' property and that the defendants are liable for the consequences of the trespass whether or not any negligence can be proved.
The defendants have moved to strike, arguing that damages for trespass are only allowed for an interference with the use of the land or for injury to the land, and are not available for personal injury. Curiously, given the fact that trespass quare clausum fregit is virtually the oldest common law action recognized in this jurisdiction, see, e.g., Merrils v. Goodwin, 1 Root 209 (1790), there are no reported Connecticut cases which deal with the availability of trespass to land as supporting a claim for damages for personal injury.
It is true that in an action for trespass, no damages need be proved or even alleged, because the law will allow a nominal sum "for the damage which the legal injury, arising from the trespass, necessarily imports, even when no specific damage results from such an injury." Parker v. Griswold, 17 Conn. 288, 302 (1845). The Second Count of the plaintiffs' amended complaint is therefore legally sufficient were it not for the allegations relating to the personal injury.
The Restatement of Torts, 2d, does address the issue fairly directly:
 A trespass on land subjects the trespasser to liability for physical harm to the possessor of the land at the time of the trespass, or to the land or to his things, or to members of his household or to their things, caused by any act done, activity carried on, or CT Page 900 condition created by the trespasser, irrespective of whether his conduct is such as would subject him to liability were he not a trespasser.
Restatement of Torts, 2d, Section 162. One of the comments to this section specifically describes an example in which the trespasser is liable for personal injuries to a member of the possessor's household. Id., Comment g. Courts of other states have had no difficulty in applying this principle to cases in which personal injury resulted. See, Kopka v. Bell Telephone Company of Pennsylvania, 371 Pa. 444, 91 A.2d 232 (1952); Keesecker v. McKelvey, 64 Ohio App. 29, 27 N.E.2d 787 (1940).
The defendant also moves to strike the Fourth Count of the plaintiff's complaint which alleges that the felling of trees is an ultrahazardous activity for which there is strict liability for personal injury. Under this doctrine, no showing of negligence is necessary for the plaintiff to prevail, only a showing of injury resulting from the activity. See Green v. Ensign-Bickford Company,25 Conn. App. 479 (1991).
The factors for a court to consider in determining whether an activity is abnormally dangerous are listed in 3 Restatement of Torts, 2d, Section 520 as: "(a) existence of a high degree of risk of some harm to the person, land or chattels of others; (b) likelihood that the harm that results from it will be great; (c) inability to eliminate the risk by the exercise of reasonable care; (d) extent to which the activity is not a matter of common usage; (e) inappropriateness of the activity to the place where it is carried on; and (f) extent to which its value to the community is outweighed by its dangerous attributes." 3 Restatement (Second), Torts 520.
The issue of whether an activity is abnormally dangerous is a question of law for the court to decide. Caporale v. C. W. Blakeslee Sons, Inc., 149 Conn. 79, 86 (1961). Tree cutting, a fairly common activity among residential property owners, simply does not approach the threshold of ultrahazardous activity as a matter of law.
The Motion to Strike is denied as to Second Count and granted as to the Fourth Count.
PATTY JENKINS PITTMAN, JUDGE CT Page 901